IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 11, 2017

## STATE OF TENNESSEE v. STERLING LAMAR COOPER

**Appeal from the Criminal Court for Roane County**
**Nos. 13775, 13895, 13866B, 13876B      Jeffery H. Wicks, Judge**

_____

## No. E2017-00232-CCA-R3-CD

_____

The Petitioner, Sterling Lamar Cooper, appeals the Roane County Criminal Court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He argues that his effective twenty-four-year sentence, which included service of a nine-year community corrections sentence that was never revoked, is illegal. We affirm the trial court's denial of the motion but remand the case for correction of clerical errors in the judgments of conviction.

### Tenn. R. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed and Remanded

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Alan R. Moore, Lenoir City, Tennessee, for the appellant, Sterling Lamar Cooper.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Russell Johnson, District Attorney General; and Robert Edwards, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record indicates that on November 22, 2006, the Petitioner entered guilty pleas to one count of felony evading arrest, one count of felony reckless endangerment, and four counts of sale of a Schedule II substance in Roane County Criminal Court Case Nos. 12920, 13024, 13101A, and 13224, for which he received an effective nine-year community corrections sentence.

On March 18, 2009, the Petitioner entered guilty pleas to several new drug charges in Case Nos. 13775, 13866B, 13876B, and 13895. At this plea submission hearing, the

State recommended that the Petitioner receive an effective sentence of fifteen years for the aforementioned offenses, "consecutive to his old convictions in which he is currently on [c]ommunity [c]orrections," which resulted in "a total effective sentence of 24 years[.]" The trial court accepted the State's recommendation and imposed "an effective total sentence of 24 years," served concurrently with the Petitioner's Anderson County sentence. Specifically, in Case No. 13775, the Petitioner pleaded guilty to three counts of sale of less than .5 grams of cocaine and received concurrent sentences of five years, served consecutively to the sentences in Case Nos. 13866B, 13876B, 13895, and the sentences for his "old convictions." In Case No. 13866B, he entered a guilty plea to one count of sale of less than .5 grams of cocaine and received a sentence of five years, served consecutively to the sentence in Case No. 13775. In Case No. 13876B, he pleaded guilty to one count of sale of .5 grams or more of cocaine and received a sentence of ten years, served consecutively to the sentence in Case No. 13775. Finally, in Case No. 13895, the Petitioner entered a guilty plea to three counts of sale of .5 grams or more of cocaine and received concurrent sentences of eight years, served consecutively to the sentence in Case No. 13775 and the sentences in the "old Roane Co. cases." A note in the "Special Conditions" portion of the judgment form for count one of Case No. 13775 states: "Total 24 yrs in all cases including revoked CCP sentences; see CCP revocation order." Likewise, the "Special Conditions" portion of the judgment form for count one of Case No. 13876B states: "Total sentence on all Roane Co. matters of 24 years."

On May 9, 2011, the Petitioner filed a pro se "Motion to Reopen Post-Conviction Petition" in Case Nos. 13775, 13866B, 13876B, and 13895, alleging that there had been a breach in the plea agreement, that he had received an illegal sentence, that he had received ineffective assistance of counsel, and that new scientific evidence existed establishing that he was actually innocent of the offenses for which he was convicted."[1]

On December 12, 2014, the Petitioner filed a pro se "Motion to Correct Illegal Sentence under Tennessee Rule[] of Criminal Procedure 36.1" in several of his Roane County cases, including Case Nos. 13775, 13866B, 13876B, and 13895."

On August 5, 2016, the Petitioner, with the assistance of counsel, filed in Case Nos. 13775, 13866B, 13876B, and 13895 an "Amended Motion to Withdraw Guilty Plea or in the Alternative to Correct Illegal Sentence" pursuant to Tennessee Rule of Criminal

---

[1] The record makes no additional references to this "Motion to Reopen Post-Conviction Petition." In his Notice of Appeal, the Petitioner appeals only the final judgment entered by the trial court on December 22, 2016. This December 22, 2016 order, which denied Rule 36.1 relief, does not mention the "Motion to Reopen Post-Conviction Petition." Because the Petitioner does not raise any issues on appeal regarding his post-conviction claims and because his notice of appeal does not reference any action by the trial court related to post-convictions claims, we decline to address any issues in this opinion other than the illegality of his sentence under Tennessee Rule of Criminal Procedure 36.1.

Procedure 36.1. Therein, the Petitioner alleged that "[n]o violation warrant was issued for [his] community corrections sentence" and that "[n]o revocation hearing was afforded to [him] concerning his community corrections sentence." Although the Petitioner acknowledged that his nine-year community corrections sentence had expired, he asserted that "the illegal [nine-]year sentence [was] a material component to the [March 18, 2009] plea agreement."

At the August 26, 2016 hearing on this motion, the Petitioner's attorney stated that on March 18, 2009, the Petitioner entered guilty pleas in the Roane County Case Nos. 13775, 13895, 13866B, and 13876B and received an effective sentence of fifteen years. He asserted that the plea waiver forms and plea hearing transcript showed that the Petitioner was given "an additional nine[-]year sentence for ambiguous, old convictions consecutive to the [fifteen] years entered into on the cases which this motion was filed upon" and that "although the record in the above-styled cases [was] ambiguous as to the referenced old convictions, the [Petitioner] was serving a nine[-]year community correction sentence in case numbers 13024, 12920, 13101, and 13224" at the time he entered these guilty pleas.

The Petitioner's attorney explained that his motion concerned the illegal nine-year community corrections sentence that was listed in the plea agreement. He said that "no violation warrant" had been issued for the Petitioner's community corrections sentence and that "[n]o revocation [hearing]" had occurred. Consequently, he argued that the sentencing court had no jurisdiction to convert the community correction sentence to a sentence of confinement. Despite these arguments, the Petitioner's attorney acknowledged that the "nine[-]year [c]ommunity [c]orrection[s] sentence was entered into on November 22nd, 2006, thereby causing his suspended sentence to expire on November 22nd of 2015."

The Petitioner's attorney then asked the trial court to allow the Petitioner to withdraw his guilty plea on the basis that the illegal nine-year sentence was material to the March 18, 2009 guilty plea. He claimed that the Petitioner's fifteen-year sentence in Case Nos. 13775, 13866B, 13876B, and 13895 "was predicated on the material illegality of the nine[-]year sentence" that was never revoked. He also claimed that the judgments at issue were void on their face because they reflected an effective sentence of twenty-four years rather than fifteen years and because the trial court lacked jurisdiction to sentence him to an effective twenty-four-year sentence in the absence of a violation warrant and a revocation hearing on the nine-year sentence.

In response, the State asserted that the Petitioner was first required to prove that the judgments were void on their face, and if this requirement was met, then he could ask for a hearing to determine whether the illegal aspect of his sentence was a material

component of the plea agreement. The State argued that because the illegality regarding the nine-year sentence was not apparent on the face of the judgment, the Petitioner was not entitled to relief under Rule 36.1. The State also emphasized that the nine-year portion of the twenty-four-year sentence had already expired and that the Petitioner was only serving the fifteen-year sentence as of the date of the hearing.

At the motion hearing, the Petitioner testified that his sentence was illegal because he was never afforded a revocation hearing on the nine-year sentence. He stated that because he believed his nine-year sentence had been revoked at the time of his plea, the nine-year sentence was a material element of the plea agreement. The Petitioner asserted that he would not have entered his guilty plea if he had known that his nine-year sentence had not been revoked and that he had a right to a revocation hearing.

The trial court entered a written order dismissing the motion on December 22, 2016. In this order, the court found that the Petitioner was "serving a [fifteen]-year sentence and not a [twenty-four]-year sentence" and that the Petitioner had never alleged that "the [fifteen]-year sentence imposed by the court in case nos. 13776, 13895, 13866B, and 13876B [was] illegal." The court also found that "the [P]etitioner benefitted from the failure by the court and/or the [S]tate to prepare or issue a violation of community corrections warrant" and that because "no violation warrant was ever issued, the petitioner's [nine]-year community correction sentence expired on or about November 22, 2015." The court then held that because a violation of community corrections warrant was never issued and no judgment forms or revocation orders had been entered, it was appropriate to enter amended judgment forms in Case Nos. 13775, 13876B, and 13895, reflecting that "the [P]etitioner is serving a total sentence of fifteen years" and deleting all references to "a violation of community corrections sentence," "old convictions[,"] "old Roane Co. cases[,"] or the Petitioner "serving a [twenty-four]-year sentence."

However, on January 19, 2017, prior to entry of these amended judgments, the Petitioner filed a notice of appeal. Thereafter, on January 23, 2017, the trial court entered an amended judgment in count one of Case No. 13775, stating in the Special Conditions portion that the judgment was "[a]mended on 12-22-16 to reflect that [the Petitioner] is serving a total sentence of (15) fifteen years and to remove language 'total 24 years in all cases including revoked CCP sentences; see CCP revocation order' & 'old convictions.'" The court also entered an amended judgment in count one of Case No. 13876B "to reflect that [the Petitioner] is serving a total sentence of (15) fifteen years and to remove language 'total sentence on all Roane Co. matters of 24 years'" and in count two of Case No. 13895 "to remove 'old Roane Co. Cases.'" These amended judgments did not change the Petitioner's effective sentence of fifteen years but deleted all references to

- 4 -

prior cases and convictions, the revocation of the Petitioner's community corrections sentence, and service of a sentence of twenty-four years.

## ANALYSIS

On appeal, the Petitioner argues that his effective twenty-four-year sentence, which included service of the nine-year community corrections sentence that was never revoked, is illegal under Tennessee Rule of Criminal Procedure 36.1. The State counters that because the Petitioner's nine-year community corrections sentence was never revoked and the judgments for the relevant convictions reflect an effective sentence of fifteen years, the Petitioner's sentence is not illegal.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1(a)(1). "[A] motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Id. "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). "If the motion states a colorable claim that the unexpired sentence is illegal," then the trial court shall determine if a hearing is necessary, and if such a hearing is necessary, shall appoint counsel. Tenn. R. Crim. P. 36.1(b)(3); see State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015).

In State v. Wooden, the Tennessee Supreme Court recognized that "mistakes in sentencing are inevitable, but few sentencing errors render sentences illegal." 478 S.W.3d 585, 595 (Tenn. 2015) (citing Cantrell v. Easterling, 346 S.W.3d 445, 448-49 (Tenn. 2011)). The court held that sentencing errors could be divided into three categories—clerical errors, appealable errors, and fatal errors. Id. (citing Cantrell, 346 S.W.3d at 449-52). The court emphasized that only fatal errors are "'so profound as to render the sentence illegal and void.'" Id. (quoting Cantrell, 346 S.W.3d at 452). This category consists of sentences not authorized by the applicable statutes or sentences that directly contravene an applicable statute. Id. (citing Tenn. R. Crim. P. 36.1(a); Cantrell, 346 S.W.3d at 452). Included in the category of fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. (citing Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010)).

On the other hand, clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." Id. (quoting Cantrell, 346 S.W.3d at 449). Lastly,

- 5 -

appealable errors, which consist of those errors for which the Sentencing Act provides a right of direct appeal, include errors "'akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction,' such as claims that the record does not support the trial court's factual findings regarding sentencing." Id. (quoting Cantrell, 346 S.W.3d at 450-52). The court added that "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Id. (citing Cantrell, 346 S.W.3d at 450-51; State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014)).

While the record indicates that the parties anticipated a revocation would take place, nothing in the record shows that the Petitioner's nine-year community corrections sentence was ever revoked. The trial court, in its order denying the Rule 36.1 motion, recognized that the Petitioner actually benefitted by the fact that no revocation order was entered, which resulted in his receiving a fifteen-year sentence rather than a twenty-four-year sentence. Because the record does not show that the nine-year community corrections sentence was ever revoked and converted to a sentence of confinement, the community corrections sentence was served concurrently with the sentences imposed in 2009, and the community corrections sentence expired on November 22, 2015. Even if this nine-year sentence could be considered "illegal," the Tennessee Supreme Court has emphasized that Rule 36.1 "does not authorize the correction of expired illegal sentences." Brown, 479 S.W.3d at 211; see Tenn. R. Crim. P. 36.1(a)(1).

We next address the Petitioner's claim that his sentence is illegal because the nine-year sentence was a material component of his March 18, 2009 plea agreement. See Tenn. R. Crim. P. 36.1(c)(3). The record shows that at the time the judgments were entered, the parties anticipated that the Petitioner's nine-year community corrections sentence would be revoked, therefore creating a scenario in which the fifteen-year sentence would be served consecutively to the nine-year sentence for an effective sentence of twenty-four years.

Taking the Petitioner's claims as true, and viewing them in the light most favorable to him, we conclude that the Petitioner's sentence is not illegal. The Petitioner has failed to show that the sentence imposed by the trial court was not authorized by statute or directly contravened an applicable statute. The references to the Petitioner's nine-year community corrections sentence, and the resulting twenty-four-year sentence, had no effect on the legality of the effective fifteen-year sentence imposed for the convictions in Case Nos. 13775, 13866B, 13876B, and 13895. As the trial court recognized, the fact that the community corrections sentence was never revoked clearly inured to the benefit of the Petitioner. For all these reasons, we agree with the trial court that the Petitioner's sentence is not illegal. The references in the judgments to the parties' mistaken belief that the nine-year community corrections sentence would be

revoked merely constitute clerical errors that may be corrected pursuant to Tennessee Rule of Criminal Procedure 36. See Brown, 479 S.W.3d at 213 ("Correcting clerical errors so that the record accurately reflects the sentence imposed does not amount to granting relief from expired illegal sentences."). However, we must now address the validity of the amended judgments entered by the trial court in this case.

On January 23, 2017, the trial court attempted to correct the clerical errors in these judgments of conviction by entering amended judgment forms in Case Nos. 13775, 13876B, and 13895, wherein all references to the revoked community corrections sentence, old convictions and cases, and service of twenty-four years were deleted. However, because these amended judgment forms were entered four days after the Petitioner filed his notice of appeal, the trial court no longer had jurisdiction of the case, and these amended judgments are void. See State v. Green, 106 S.W.3d 646, 648 (Tenn. 2003) ("In a criminal case, when a notice of appeal is filed, the jurisdiction of the Court of Criminal Appeals attaches, and the trial court loses jurisdiction."); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996) ("The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction."). Once a notice of appeal is filed, the jurisdiction becomes vested in the appellate court, and the trial court may not amend its judgment. Pendergrass, 937 S.W.2d at 837 (citing State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)).

Because the January 23, 2017 amended judgments are void, we remand this case to the trial court for correction of the clerical errors in these judgments of conviction. In count one of Case No. 13775, the trial court should delete the language in the Special Conditions portion of the judgment, which states, "Total 24 yrs in all cases including revoked CCP sentences; see CCP revocation order" and should also delete the statement that this sentence is served consecutively to the sentences for "old convictions." In addition, the following language in Case No. 13876B should be deleted: "Total sentence on all Roane Co. matters of 24 years." Moreover, in count one of Case No. 13895, the statement that this sentence is served consecutively to the sentences for "old Roane Co. cases" should be deleted. Furthermore, because the guilty plea agreement and the transcript from the plea submission hearing show that the five-year sentence in Case No. 13866B is served consecutively to the sentence in Case No. 13775, we remand for correction of that error in the judgment form as well. Finally, the Special Conditions portion of the judgment forms for Case Nos. 13775, 13866B, 13876B, and 13895 should reflect that the Petitioner received an effective fifteen-year sentence in these cases.

## CONCLUSION

Based on the aforementioned authorities and reasoning, we affirm the trial court's denial of the Rule 36.1 motion but remand the case to the trial court for correction of the clerical errors in the judgments of convictions as described herein.

_____
CAMILLE R. McMULLEN, JUDGE